1            IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF IOWA
2

3    UNITED STATES OF AMERICA,)
                              )
4              Plaintiff,     )
                              )
5      VS.                    )    CR 10-1018
                              )
6    CHAD KAMMERUDE,          )
                              )
7              Defendant.     )

8                        APPEARANCES:

9    ATTORNEY DANIEL C. TVEDT, Assistant US Attorney,
     Hach Building, Suite 400, 401 First Street S.E.,
10   Cedar Rapids, Iowa 52401-1825, appeared on behalf of
     the United States.
11
     ATTORNEY MARK EISENBERG, of the Eisenberg Law
12   Offices, 308 East Washington Avenue, P.O. Box 1069,
     Madison, Wisconsin 53701-1069, appeared on behalf of
13   the Defendant.

14

15

16                  SENTENCING HEARING,

17   held before the Hon. Linda R. Reade on the 8th day

18   of June, 2011, at 4200 C Street S.W., Cedar Rapids,

19   Iowa, commencing at 3:24 p.m.

20

21

22

23            Patrice A. Murray, CSR, RPR, RMR, FCRR
                   United States District Court
24                    4200 C Street S.W.
                   Cedar Rapids, Iowa 52404
25                      (319) 286-2324

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:10-cr-01018-CJW-MAR   Document 67   Filed 07/15/11   Page 1 of 23

```
 1            THE COURT:  We're on the record in United
 2   States of America versus Chad Kammerude, Case Number
 3   10-1018.  Defendant is present with his attorney,
 4   Mark Eisenberg.  Assistant United States Attorney
 5   Daniel Tvedt represents the United States.  Also
 6   present is Jessica Clark.  Ms. Clark is the
 7   probation officer that wrote the presentence
 8   investigation report.  The latest version is dated
 9   April 25, 2010.
10            Mr. Kammerude, do you recall being in
11   court on December the 10th and pleading guilty to
12   Count 1 of the information, charging you with
13   conspiracy to distribute 100 kilograms or more of
14   marijuana within a thousand feet of a playground
15   after having been previously convicted of a felony
16   drug offense?
17            THE DEFENDANT:  Yes, Your Honor, but that
18   date was December 20th.
19            THE COURT:  What did I say?  2nd?
20            THE DEFENDANT:  10th, yeah.
21            THE COURT:  Oh, I thought I said the 20th,
22   but all right.
23            THE DEFENDANT:  Maybe you did.
24            THE COURT:  All right.  So on the 20th did
25   you plead guilty to that?
```

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR   Document 67   Filed 07/15/11   Page 2 of 23

1          THE DEFENDANT:  Yes, I did.

2          THE COURT:  And at the time your plea was

3     given, did the judge talk to you about the statutory

4     penalties that apply to a conviction for this

5     offense?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  You must spend at least

8     120 months, or 10 years, in federal prison, and you

9     could be in prison for the rest of your life,

10    followed by a supervised release term that must be

11    at least 8 years and could be as long as the rest of

12    your life.  Probation is not possible.  Your fine

13    could be as much as $8 million.  And you'd have to

14    pay a $100 special assessment.

15          Do you remember being told that?

16          THE DEFENDANT:  Yes, Your Honor.

17          THE COURT:  Do you understand that you are

18    in court today for the purpose of being sentenced on

19    your plea of guilty?

20          THE DEFENDANT:  Yes, I do, Your Honor.

21          THE COURT:  And do you still admit your

22    guilt?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  The Court has received and

25    read the presentence investigation report.  I've

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 3 of 23

```
 1    read the sentencing memos filed by the attorneys on
 2    behalf of their respective clients.  Other than
 3    what's in the official records of the court, the
 4    Court has no independent information concerning this
 5    case or this defendant.
 6            Mr. Tvedt, have you been through the
 7    presentence investigation report?
 8            MR. TVEDT:  Yes, Your Honor.
 9            THE COURT:  Any remaining objections to
10    the scoring of the advisory guideline sentence?
11            MR. TVEDT:  No.
12            THE COURT:  All right.  And,
13    Mr. Eisenberg, have you and your client been through
14    the report?
15            MR. EISENBERG:  We have, Your Honor.
16            THE COURT:  Will you please make a brief
17    record as to how you went about reviewing the report
18    with your client.
19            MR. EISENBERG:  Certainly.  He was in the
20    Fayette County Jail.  I drove down to Fayette County
21    and met with him personally, and we went over the
22    report together.
23            THE COURT:  All right.  And any remaining
24    objections to the scoring of the advisory guideline
25    sentence?
```

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 4 of 23

```
 1              MR. EISENBERG:  I don't want to beat a
 2       dead horse.  I apologize for what I sent this
 3       morning, but I didn't want to waive that argument,
 4       and I assume you got that argument this morning,
 5       about the rule of lenity.
 6              THE COURT:  No, I did not.
 7              MR. EISENBERG:  Okay.  I apologize.  I
 8       have a copy.
 9              THE COURT:  Is this additional briefing
10       that would have been due some time ago?
11              MR. EISENBERG:  It is, Your Honor.  It is.
12              THE COURT:  All right.  Thanks.  All
13       right.
14              MR. EISENBERG:  I'm sorry.
15              THE COURT:  So you are objecting, then, to
16       the scoring of, what?
17              MR. EISENBERG:  Well, if you remember, the
18       one paragraph, about driving while barred.
19              THE COURT:  Could you be specific?  Which
20       paragraph are you continuing -- is it Paragraph 47?
21              MR. EISENBERG:  Yes, ma'am.
22              THE COURT:  All right.
23              MR. EISENBERG:  And as I stated in my
24       sentencing memorandum in the footnotes, at Footnote
25       2, I understand what the case law says in this
```

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 5 of 23

1  district -- or this circuit, but I don't know if the

2  rule of lenity was ever argued in those cases.  I

3  know one of the cases was yours that I cited, and

4  one of the cases was Mr. Tvedt's, but I don't know

5  if the rule of lenity was ever cited.  And I did

6  find this morning, as I was thinking about this,

7  two cases that say when there's a conflict between

8  the guidelines or they're ambiguous, the guidelines

9  are ambiguous, the rule of lenity applies and the

10  defendant is supposed to get the benefit of the

11  shorter sentence.

12          Now, I can understand the argument is

13  there is no ambiguity from the government because

14  all felonies are to be counted, and this is a felony

15  under the guidelines as stated, but clearly the

16  second part of that says these types of offenses

17  aren't counted no matter what they're called.  And

18  unless there is a qualifying fact, which is either

19  30 days in jail or 1 year of probation -- and by the

20  way, I have a typo in my memorandum.  The footnote

21  should be 30 days, not 60 days, under Footnote 2.

22  But I wanted to raise this.  I do think there's an

23  ambiguity.  I don't want to lose acceptance for this

24  either but -- because I know what the case law says,

25  and I'm not disputing what the case law says.  I'm

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 6 of 23

1   just saying I don't know if this issue was ever

2   raised in either of those two cases that went to the

3   Eighth Circuit that I cited in my memo.  And I just

4   would like to preserve that in case we need to, for

5   later.

6           THE COURT:  All right.  The objection to

7   Rule 4 -- or to Paragraph 47 is overruled.  The case

8   law is clear.  I don't find that there is any

9   ambiguity in it, and overrule all objections made

10  orally and in writing.

11          Any other objections?

12          MR. EISENBERG:  No, Your Honor.

13          THE COURT:  All right.  Then the Court

14  accepts the computation of the advisory guideline

15  sentence.  I'm starting at Page 8, Paragraph 30.

16  The base offense level is 29 based on drug quantity

17  and also protected location.  2 levels for

18  organizer, leader, manager, or supervisor.  That

19  gives us an adjusted offense level of 31.  The Court

20  grants a 2-level reduction for acceptance of

21  responsibility.

22          Mr. Tvedt, what is the government's

23  position with regard to the 1 additional level of

24  acceptance?

25          MR. TVEDT:  The government would move for

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 7 of 23

1    the 3rd level, Your Honor.

2            THE COURT:  And that is granted.  That

3    results in a total offense level 28.  Defendant is a

4    criminal history category V.  So under the advisory

5    guidelines, the recommended sentence is 130 to

6    162 months.  Probation is not possible because of

7    the mandatory minimum.  Supervised release would be

8    at least 8 years.  The fine, $12,500 to $8 million.

9    And defendant would have to pay a $100 special

10   assessment, which I note has been paid.

11           I'm ready now to hear from the attorneys

12   on disposition.  Mr. Tvedt, may I hear from you

13   first, and then I'll hear from defense, and finally

14   from the defendant if he wishes.

15           MR. TVEDT:  Your Honor, may we approach

16   sidebar?

17           THE COURT:  Yes.  If the defendant would

18   like to listen to the sidebar, he can put on the

19   earphones that are at counsel table.  And we'll have

20   white noise so that no one else can hear.

21           (A discussion was held at sidebar and

22   sealed by the Court.)

23           (The following was held in open court.)

24           THE COURT:  All right.  The Court is ready

25   then to make its findings.  We're back in open court

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 8 of 23

```
1    and the prior record is sealed.  With regard to the
2    motion made under both 5K1.1 and 3553(e) of Title
3    18, the Court looks at the factors set forth in the
4    advisory guidelines and uses that as a guide in
5    deciding on these types of motions.  Based on the
6    record made, the Court finds that the appropriate
7    reduction at this point, the appropriate departure,
8    is down 2 levels to an offense level 26, criminal
9    history V, which gives us a new effective range of
10   110 to 137 months.  Everything else remains the
11   same.  And I will let the attorneys argue as to
12   where within that range the Court should sentence.
13            Mr. Tvedt, may I begin with you, please.
14            MR. TVEDT:  Your Honor, the presentence
15   report provides an excellent coverage of the factors
16   under 3553(a).  We would just ask that you consider
17   the total presentence report, whether or not you
18   specifically point out each factor, and impose an
19   appropriate sentence within the range.  I have no
20   specific recommendation within that new range.
21            THE COURT:  Thank you.
22            And defense response, Mr. Eisenberg.
23            MR. EISENBERG:  Well, Your Honor, most of
24   my argument, if not all of it, is contained in my
25   sentencing memorandum.  I think I went through each
```

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR   Document 67   Filed 07/15/11   Page 9 of 23

1     of the factors quite -- in quite -- in great detail.

2     I would point out that the criminal history, the

3     8 points for the criminal history from

4     Mr. Kammerude, none of those involve any crimes of

5     violence.  They're basically drunk drivings, 3 of

6     them, and driving without a license.  And again, I'm

7     not trying to diminish the severity of that, but

8     it's traffic matters, and it's certainly not any

9     crimes of violence.

10           He also, as you know, had the enhancer for

11     doing this before.  I think a lot of Mr. Kammerude's

12     issues is immaturity.  You look at this fellow and

13     you see what he had been doing for the last 8 to

14     10 years with not a lot of guidance from his parents

15     and -- from his father, as you saw in the

16     presentence report, but I think he realized that he

17     couldn't keep doing this.  Maybe it's called growing

18     up.  You look at what he started to do: *I'm going*

19     *to go back to school.  I want to go to college.  I'm*

20     *going to go to the junior college*, that he went to,

21     *to start improving my life.*  And I think he realized

22     even before he was caught that this wasn't the way

23     to be a productive member of society.

24           I don't think you'll ever see him again.

25     I know that you're going to punish him for what he

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 10 of 23

```
 1    did.  And I thought, frankly, a punishment in the --
 2    I was hoping the 8-level guideline departure -- but
 3    in the 63- to 78-month range was a significant jail
 4    sentence.  I don't know what your procedure is about
 5    departing from the guidelines, but I would assume
 6    it's probably -- like most judges, you're somewhere
 7    in the 110 to 137 range.
 8            THE COURT:  Well, I don't mean to
 9    interrupt you, but I don't think the law permits me
10    on a mandatory minimum to go down below the
11    mandatory minimum after there's been a reduction
12    only under 18 USC 3553(e).  So I can't do it, even
13    if I wanted to.  And I wouldn't anyway, but the law
14    doesn't permit it.
15            MR. EISENBERG:  I agree with you.  But --
16    so what I was going to suggest is I think 110 months
17    is a significant sentence.  It certainly sends a
18    message that this type of behavior isn't going to be
19    tolerated in the community.  It certainly sends a
20    message to Mr. Kammerude that he is not -- that the
21    community isn't going to tolerate this type of
22    behavior.  It protects society for a significant
23    period of time.  And it's a good amount of
24    punishment, as you well know.  So for those reasons,
25    I'd ask that you sentence him at the minimum
```

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR   Document 67   Filed 07/15/11   Page 11 of 23

1    guideline range of 110 months.

2            THE COURT:  All right.  Mr. Kammerude,

3    this is the time in the proceeding when you have a

4    chance to speak.  You do not have to say anything,

5    but if you'd like to speak, I'm willing to listen.

6            THE DEFENDANT:  Shannon, I'd first like to

7    say sorry, sorry for everything, my immaturity

8    and -- sorry.

9            And to the Court, I'd like to say I won't

10   be back, and whatever the punishment may be, I'm

11   accepting, you know, obviously, and I will change my

12   behaviors and learn from this.  Thank you.

13           THE COURT:  All right.  The Court is ready

14   then to make its findings.  In deciding where within

15   the range, the Court has carefully considered all

16   the statutory factors that apply.  We certainly have

17   talked a lot about the guideline provisions.  And,

18   of course, we have a departure.  We've got the

19   statutory provisions with a mandatory minimum, below

20   which the Court cannot go without a motion from the

21   United States.  The Court has looked at the nature

22   and circumstances of the offense and the history and

23   characteristics of the defendant.

24           Defendant has a criminal history.  A good

25   share of it is not scored.  Driving while revoked,

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 12 of 23

driving while barred.  Repeating that offense is

kind of -- kind of suggests to me a disrespect for

the law.  Once you've been arrested once, one would

think that would be a deterrent to driving again

without a license.

The more serious ones, operating while

intoxicated.  Although under the Eighth Circuit law,

this is not technically a violent crime, the Court

believes it to be a very serious crime because of

the threat to innocent citizens on the streets and

roads and the risk to law enforcement who have taken

an oath to keep drunk drivers off the road.  And, of

course, a lenient sentence in 2007 for the exact

same offense was not a deterrent to this defendant.

So while I would like to think that this would be

the last time that Mr. Kammerude would commit this

offense, I'm not entirely confident that that is the

case, unless there are some very significant changes

made in his -- in his life.

He is going to need drug and alcohol

monitoring.  He's going to need a full-time job that

can be verified.  And, of course, he will have to

report in and do the standard things that people on

supervision do.

The Court has considered the other

Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 13 of 23

1  statutory factors even though I have not dictated

2  them into the record.  The only factor that doesn't

3  apply, of course, is restitution because there is no

4  identifiable victim, rather, society as a whole is

5  victimized by this type of criminal behavior.

6        After being fully advised, the Court finds

7  that the sentence that is sufficient but not greater

8  than necessary to achieve the goals of sentencing is

9  the low end of the new range, which is 110 months.

10 And it is the judgment of the Court that Chad

11 Kammerude is hereby committed to the custody of the

12 Bureau of Prisons to be imprisoned for a total term

13 of 110 months on Count 1.

14        I make three recommendations to the Bureau

15 of Prisons.  First, that he be designated to a

16 Bureau of Prisons's facility in close proximity to

17 his family, commensurate with his security and

18 custody classification needs.  I recommend that he

19 participate in the Bureau of Prisons's 500-hour

20 Comprehensive Residential Drug Abuse Treatment

21 Program or an alternate substance abuse treatment

22 program.  I recommend that he participate in the

23 Bureau of Prisons's Vocational Training Program,

24 specializing in the culinary arts, drafting,

25 electrical work, heating, cooling, office

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:10-cr-01018-CJW-MAR   Document 67   Filed 07/15/11   Page 14 of 23

1    automation, plumbing and/or welding.

2        Mr. Kammerude, upon your release from

3    imprisonment, you will be on supervised release for

4    a total term of 8 years on Count 1.  Within 72 hours

5    of release from custody of the Bureau of Prisons,

6    you shall report in person to the probation office

7    in the district to which you are released.  While

8    you are on supervised release, you shall comply with

9    the standard conditions of supervision.  Those will

10   be set out in the judgment order.

11       In addition, you must not commit any

12   federal, state, or local crimes.  You shall not

13   illegally possess a controlled substance.  You shall

14   not possess a firearm, ammunition, a destructive

15   device, or any dangerous weapon.  And you shall

16   cooperate in the collection of a DNA sample.

17       Keep in mind that you are a convicted

18   felon.  As such, you cannot lawfully possess a

19   firearm or ammunition for any reason.  And this

20   prohibition continues after you are off of court

21   supervision.

22       While you are on supervised release, you

23   must also comply with the following special

24   conditions:

25       First, you must participate in and

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:10-cr-01018-CJW-MAR   Document 67   Filed 07/15/11   Page 15 of 23

```
1    successfully complete a program of testing and

2    treatment for substance abuse.

3           Second, you cannot use alcohol while you

4    are on court supervision, and you cannot enter bars,

5    taverns, or other establishments whose primary

6    source of income is derived from the sale of

7    alcohol.

8           Third, you must participate in a mental

9    health evaluation and/or treatment program and take

10   all medications prescribed to you by a licensed

11   psychiatrist or a physician.

12          And lastly, you will be subject to the

13   standard search conditions of this court.  Any

14   search will be based on reasonable suspicion and

15   conducted in a reasonable manner, and the specifics

16   of the condition will be set out in the judgment

17   order.

18          No fine is imposed.  I order that you pay

19   to the United States a special assessment of $100.

20   That's due and payable immediately.  There are

21   advantages to having your $100 paid before you are

22   designated to a Bureau of Prisons's facility, so if

23   you have $100 or your family does, I recommend that

24   be paid today at the clerk's office.

25          You shall forfeit to the United States all
```

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR   Document 67   Filed 07/15/11   Page 16 of 23

1  property set forth in the final order of forfeiture

2  entered March 24, 2011, and filed as Document 44 in

3  the records of the court.

4        And pursuant to 18 United States Code

5  Section 3143(a)(2), you are hereby immediately

6  remanded to the custody of the United States

7  Marshal.

8        Mr. Kammerude, if you disagree with this

9  judgment and commitment, you have a right to appeal

10  to a higher court.  The name of that court is the

11  United States Court of Appeals for the Eighth

12  Circuit.  This is how you would appeal.  You would

13  file a written notice of appeal with the Clerk of

14  Court here in the United States District Court for

15  the Northern District of Iowa at Cedar Rapids, Iowa.

16  If you do not file a written notice of appeal within

17  the next 14 days, you forever give up your right to

18  challenge this judgment and sentence.  If you would

19  like to appeal and you cannot afford the services of

20  an attorney, the Court will appoint an attorney to

21  represent you on appeal.

22        PROBATION OFFICER:  Your Honor, I

23  apologize.  Yesterday I sent an e-mail later in the

24  day that he did pay his special assessment.

25        THE COURT:  Okay.

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR   Document 67   Filed 07/15/11   Page 17 of 23

```
 1              PROBATION OFFICER:  And it's been paid for
 2      some time, so it is paid.
 3              THE COURT:  All right.  Thank you.
 4              Ms. Clark indicates that you have paid
 5      your special assessment, and that will be noted in
 6      the judgment.  And that's good to have that taken
 7      care of.
 8              Mr. Tvedt, any counts to dismiss?
 9              MR. TVEDT:  No, Your Honor.  This was done
10      by information.
11              THE COURT:  All right, that's right, and
12      so we don't have an underlying indictment that was
13      ever filed.
14              MR. TVEDT:  Correct.
15              THE COURT:  All right.  Anything else on
16      this case, Mr. Eisenberg?
17              MR. EISENBERG:  No, thank you, Your Honor.
18              THE COURT:  All right.  Thank you.
19              (Proceedings concluded at 3:51 p.m.)
20
21
22
23
24
25
```

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

```
1                    C E R T I F I C A T E

2          I, Patrice A. Murray, a Certified Shorthand
      Reporter of the State of Iowa, do hereby certify
3     that at the time and place heretofore indicated, a
      hearing was held before the Honorable Linda R.
4     Reade; that I reported in shorthand the proceedings
      of said hearing, reduced the same to print to the
5     best of my ability by means of computer-assisted
      transcription under my direction and supervision,
6     and that the foregoing transcript is a true record
      of all proceedings had on the taking of said hearing
7     at the above time and place.

8          I further certify that I am not related to or
      employed by any of the parties to this action, and
9     further, that I am not a relative or employee of any
      attorney or counsel employed by the parties hereto
10    or financially interested in the action.

11             IN WITNESS WHEREOF, I have set my hand
      this 13th day of July, 2011.

12

13         /s/ Patrice A. Murray
           Patrice A. Murray, CSR, RPR, RMR, FCRR
14         United States District Court, NDIA
           4200 C Street S.W.
15         Cedar Rapids, Iowa 52404

16

17

18

19

20

21

22

23

24

25
```

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR  Document 67  Filed 07/15/11  Page 19 of 23

## $

**$100** [5] - 3:14, 8:9, 16:19, 16:21, 16:23
**$12,500** [1] - 8:8

## 1

**1** [4] - 6:19, 7:23, 14:13, 15:4
**10** [2] - 3:8, 10:14
**110** [6] - 9:10, 11:7, 11:16, 12:1, 14:9, 14:13
**120** [1] - 3:8
**130** [1] - 8:5
**137** [2] - 9:10, 11:7
**14** [1] - 17:17
**162** [1] - 8:6
**18** [3] - 9:3, 11:12, 17:4

## 2

**2** [4] - 5:25, 6:21, 7:17, 9:8
**2-level** [1] - 7:20
**2007** [1] - 13:13
**2011** [1] - 17:2
**24** [1] - 17:2
**26** [1] - 9:8
**28** [1] - 8:3
**29** [1] - 7:16

## 3

**3** [1] - 10:5
**30** [3] - 6:19, 6:21, 7:15
**31** [1] - 7:19
**3143(a)(2** [1] - 17:5
**3553(a)** [1] - 9:16
**3553(e** [1] - 9:2
**3553(e)** [1] - 11:12
**3:51** [1] - 18:19
**3rd** [1] - 8:1

## 4

**4** [1] - 7:7
**44** [1] - 17:2
**47** [2] - 5:20, 7:7

## 5

**500-hour** [1] - 14:19
**5K1.1** [1] - 9:2

## 6

**60** [1] - 6:21
**63** [1] - 11:3

## 7

**72** [1] - 15:4
**78-month** [1] - 11:3

## 8

**8** [8] - 3:11, 3:13, 7:15, 8:8, 10:3, 10:13, 15:4
**8-level** [1] - 11:2

## A

**Abuse** [1] - 14:20
**abuse** [2] - 14:21, 16:2
**acceptance** [3] - 6:23, 7:20, 7:24
**accepting** [1] - 12:11
**accepts** [1] - 7:14
**achieve** [1] - 14:8
**addition** [1] - 15:11
**additional** [2] - 5:9, 7:23
**adjusted** [1] - 7:19
**admit** [1] - 3:21
**advantages** [1] - 16:21
**advised** [1] - 14:6
**advisory** [5] - 4:10, 4:24, 7:14, 8:4, 9:4
**afford** [1] - 17:19
**ago** [1] - 5:10
**agree** [1] - 11:15
**alcohol** [3] - 13:20, 16:3, 16:7
**alternate** [1] - 14:21
**ambiguity** [3] - 6:13, 6:23, 7:9
**ambiguous** [2] - 6:8, 6:9
**ammunition** [2] - 15:14, 15:19
**amount** [1] - 11:23
**anyway** [1] - 11:13
**apologize** [3] - 5:2, 5:7, 17:23
**appeal** [6] - 17:9, 17:12, 17:13, 17:16, 17:19, 17:21
**Appeals** [1] - 17:11
**applies** [1] - 6:9
**apply** [3] - 3:4, 12:16, 14:3
**appoint** [1] - 17:20
**approach** [1] - 8:15
**appropriate** [3] - 9:6, 9:7, 9:19
**argue** [1] - 9:11
**argued** [1] - 6:2
**argument** [4] - 5:3, 5:4, 6:12, 9:24
**arrested** [1] - 13:3
**arts** [1] - 14:24
**assessment** [5] - 3:14, 8:10, 16:19, 17:24, 18:5

**assume** [2] - 5:4, 11:5
**attorney** [2] - 17:20
**attorneys** [3] - 4:1, 8:11, 9:11
**automation** [1] - 15:1

## B

**barred** [2] - 5:18, 13:1
**bars** [1] - 16:4
**base** [1] - 7:16
**based** [3] - 7:16, 9:5, 16:14
**beat** [1] - 5:1
**begin** [1] - 9:13
**behalf** [1] - 4:2
**behavior** [3] - 11:18, 11:22, 14:5
**behaviors** [1] - 12:12
**believes** [1] - 13:9
**below** [2] - 11:10, 12:19
**benefit** [1] - 6:10
**between** [1] - 6:7
**brief** [1] - 4:16
**briefing** [1] - 5:9
**Bureau** [7] - 14:12, 14:14, 14:16, 14:19, 14:23, 15:5, 16:22

## C

**cannot** [5] - 12:20, 15:18, 16:3, 16:4, 17:19
**care** [1] - 18:7
**carefully** [1] - 12:15
**case** [8] - 4:5, 5:25, 6:24, 6:25, 7:4, 7:7, 13:18, 18:16
**cases** [6] - 6:2, 6:3, 6:4, 6:7, 7:2
**category** [1] - 8:4
**caught** [1] - 10:22
**Cedar** [1] - 17:15
**certainly** [5] - 4:19, 10:8, 11:17, 11:19, 12:16
**Chad** [1] - 14:10
**challenge** [1] - 17:18
**chance** [1] - 12:4
**change** [1] - 12:11
**changes** [1] - 13:18
**characteristics** [1] - 12:23
**circuit** [1] - 6:1
**Circuit** [3] - 7:3, 13:7, 17:12
**circumstances** [1] - 12:22
**cited** [3] - 6:3, 6:5, 7:3
**citizens** [1] - 13:10
**Clark** [1] - 18:4
**classification** [1] - 14:18
**clear** [1] - 7:8
**clearly** [1] - 6:15
**Clerk** [1] - 17:13
**clerk's** [1] - 16:24
**client** [2] - 4:13, 4:18

**clients** [1] - 4:2
**close** [1] - 14:16
**Code** [1] - 17:4
**collection** [1] - 15:16
**college** [2] - 10:19, 10:20
**commensurate** [1] - 14:17
**commit** [2] - 13:16, 15:11
**commitment** [1] - 17:9
**committed** [1] - 14:11
**community** [2] - 11:19, 11:21
**complete** [1] - 16:1
**comply** [2] - 15:8, 15:23
**Comprehensive** [1] - 14:20
**computation** [1] - 7:14
**concerning** [1] - 4:4
**concluded** [1] - 18:19
**condition** [1] - 16:16
**conditions** [3] - 15:9, 15:24, 16:13
**conducted** [1] - 16:15
**confident** [1] - 13:17
**conflict** [1] - 6:7
**consider** [1] - 9:16
**considered** [2] - 12:15, 13:25
**contained** [1] - 9:24
**continues** [1] - 15:20
**continuing** [1] - 5:20
**controlled** [1] - 15:13
**convicted** [1] - 15:17
**conviction** [1] - 3:4
**cooling** [1] - 14:25
**cooperate** [1] - 15:16
**copy** [1] - 5:8
**correct** [1] - 18:14
**counsel** [1] - 8:19
**Count** [2] - 14:13, 15:4
**counted** [2] - 6:14, 6:17
**counts** [1] - 18:8
**County** [2] - 4:20
**course** [4] - 12:18, 13:13, 13:22, 14:3
**COURT** [29] - 3:2, 3:7, 3:17, 3:21, 3:24, 4:9, 4:12, 4:16, 4:23, 5:6, 5:9, 5:12, 5:15, 5:19, 5:22, 7:6, 7:13, 8:2, 8:17, 8:24, 9:21, 11:8, 12:2, 12:13, 17:25, 18:3, 18:11, 18:15, 18:18
**court** [10] - 3:18, 4:3, 8:23, 8:25, 15:20, 16:4, 16:13, 17:3, 17:10
**Court** [22] - 3:24, 4:4, 7:13, 7:19, 8:22, 8:24, 9:3, 9:6, 9:12, 12:9, 12:13, 12:15, 12:20, 12:21, 13:8, 13:25, 14:6, 14:10, 17:11, 17:14, 17:20
**coverage** [1] - 9:15
**crime** [2] - 13:8, 13:9
**crimes** [3] - 10:4, 10:9,

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR Document 67 Filed 07/15/11 Page 20 of 23

15:12
**criminal** [6] - 8:4, 9:8, 10:2, 10:3, 12:24, 14:5
**culinary** [1] - 14:24
**custody** [4] - 14:11, 14:18, 15:5, 17:6

## D

**dangerous** [1] - 15:15
**days** [4] - 6:19, 6:21, 17:17
**dead** [1] - 5:2
**deciding** [2] - 9:5, 12:14
**DEFENDANT** [6] - 3:1, 3:6, 3:16, 3:20, 3:23, 12:6
**defendant** [9] - 4:5, 6:10, 8:3, 8:9, 8:14, 8:17, 12:23, 12:24, 13:14
**defense** [2] - 8:13, 9:22
**departing** [1] - 11:5
**departure** [3] - 9:7, 11:2, 12:18
**derived** [1] - 16:6
**designated** [2] - 14:15, 16:22
**destructive** [1] - 15:14
**detail** [1] - 10:1
**deterrent** [2] - 13:4, 13:14
**device** [1] - 15:15
**dictated** [1] - 14:1
**diminish** [1] - 10:7
**disagree** [1] - 17:8
**discussion** [1] - 8:21
**dismiss** [1] - 18:8
**disposition** [1] - 8:12
**disputing** [1] - 6:25
**disrespect** [1] - 13:2
**District** [2] - 17:14, 17:15
**district** [2] - 6:1, 15:7
**DNA** [1] - 15:16
**Document** [1] - 17:2
**done** [1] - 18:9
**down** [3] - 4:20, 9:8, 11:10
**drafting** [1] - 14:24
**drivers** [1] - 13:12
**driving** [5] - 5:18, 10:6, 12:25, 13:1, 13:4
**drivings** [1] - 10:5
**drove** [1] - 4:20
**Drug** [1] - 14:20
**drug** [2] - 7:16, 13:20
**drunk** [2] - 10:5, 13:12
**due** [2] - 5:10, 16:20

## E

**e-mail** [1] - 17:23
**earphones** [1] - 8:19
**effective** [1] - 9:9
**Eighth** [3] - 7:3, 13:7, 17:11
**Eisenberg** [3] - 4:13, 9:22,

18:16
**EISENBERG** [13] - 4:15, 4:19, 5:1, 5:7, 5:11, 5:14, 5:17, 5:21, 5:23, 7:12, 9:23, 11:15, 18:17
**either** [3] - 6:18, 6:24, 7:2
**electrical** [1] - 14:25
**end** [1] - 14:9
**enforcement** [1] - 13:11
**enhancer** [1] - 10:10
**enter** [1] - 16:4
**entered** [1] - 17:2
**entirely** [1] - 13:17
**establishments** [1] - 16:5
**evaluation** [1] - 16:9
**exact** [1] - 13:13
**excellent** [1] - 9:15

## F

**facility** [2] - 14:16, 16:22
**fact** [1] - 6:18
**factor** [2] - 9:18, 14:2
**factors** [5] - 9:3, 9:15, 10:1, 12:16, 14:1
**family** [2] - 14:17, 16:23
**father** [1] - 10:15
**Fayette** [1] - 4:20
**federal** [2] - 3:8, 15:12
**fellow** [1] - 10:12
**felon** [1] - 15:18
**felonies** [1] - 6:14
**felony** [1] - 6:14
**file** [2] - 17:13, 17:16
**filed** [3] - 4:1, 17:2, 18:13
**final** [1] - 17:1
**finally** [1] - 8:13
**findings** [2] - 8:25, 12:14
**fine** [3] - 3:12, 8:8, 16:18
**firearm** [2] - 15:14, 15:19
**first** [4] - 8:13, 12:6, 14:15, 15:25
**followed** [1] - 3:10
**following** [2] - 8:23, 15:23
**footnote** [1] - 6:20
**Footnote** [2] - 5:24, 6:21
**footnotes** [1] - 5:24
**forever** [1] - 17:17
**forfeit** [1] - 16:25
**forfeiture** [1] - 17:1
**forth** [2] - 9:3, 17:1
**frankly** [1] - 11:1
**full** [1] - 13:21
**full-time** [1] - 13:21
**fully** [1] - 14:6

## G

**given** [1] - 3:3
**goals** [1] - 14:8
**government** [2] - 6:13, 7:25

**government's** [1] - 7:22
**granted** [1] - 8:2
**grants** [1] - 7:20
**great** [1] - 10:1
**greater** [1] - 14:7
**growing** [1] - 10:17
**guidance** [1] - 10:14
**guide** [1] - 9:4
**guideline** [6] - 4:10, 4:24, 7:14, 11:2, 12:1, 12:17
**guidelines** [6] - 6:8, 6:15, 8:5, 9:4, 11:5
**guilt** [1] - 3:22
**guilty** [1] - 3:19

## H

**health** [1] - 16:9
**hear** [4] - 8:11, 8:12, 8:13, 8:20
**heating** [1] - 14:25
**held** [2] - 8:21, 8:23
**hereby** [2] - 14:11, 17:5
**higher** [1] - 17:10
**history** [6] - 8:4, 9:9, 10:2, 10:3, 12:22, 12:24
**Honor** [15] - 3:6, 3:16, 3:20, 3:23, 4:8, 4:15, 5:11, 7:12, 8:1, 8:15, 9:14, 9:23, 17:22, 18:9, 18:17
**hoping** [1] - 11:2
**horse** [1] - 5:2
**hours** [1] - 15:4

## I

**identifiable** [1] - 14:4
**illegally** [1] - 15:13
**immaturity** [2] - 10:12, 12:7
**immediately** [2] - 16:20, 17:5
**impose** [1] - 9:18
**imposed** [1] - 16:18
**imprisoned** [1] - 14:12
**imprisonment** [1] - 15:3
**improving** [1] - 10:21
**income** [1] - 16:6
**independent** [1] - 4:4
**indicates** [1] - 18:4
**indictment** [1] - 18:12
**information** [2] - 4:4, 18:10
**innocent** [1] - 13:10
**interrupt** [1] - 11:9
**intoxicated** [1] - 13:7
**investigation** [2] - 3:25, 4:7
**involve** [1] - 10:4
**Iowa** [2] - 17:15
**issue** [1] - 7:1
**issues** [1] - 10:12

## J

**Jail** [1] - 4:20
**jail** [2] - 6:19, 11:3
**job** [1] - 13:21
**judge** [1] - 3:3
**judges** [1] - 11:6
**judgment** [6] - 14:10, 15:10, 16:16, 17:9, 17:18, 18:6
**junior** [1] - 10:20

## K

**Kammerude** [7] - 10:4, 11:20, 12:2, 13:16, 14:11, 15:2, 17:8
**Kammerude's** [1] - 10:11
**keep** [3] - 10:17, 13:12, 15:17
**kind** [2] - 13:2

## L

**last** [2] - 10:13, 13:16
**lastly** [1] - 16:12
**law** [9] - 5:25, 6:24, 6:25, 7:8, 11:9, 11:13, 13:3, 13:7, 13:11
**lawfully** [1] - 15:18
**leader** [1] - 7:18
**learn** [1] - 12:12
**least** [3] - 3:7, 3:11, 8:8
**lenient** [1] - 13:13
**lenity** [4] - 5:5, 6:2, 6:5, 6:9
**level** [6] - 7:16, 7:19, 7:23, 8:1, 8:3, 9:8
**levels** [2] - 7:17, 9:8
**license** [2] - 10:6, 13:5
**licensed** [1] - 16:10
**life** [4] - 3:9, 3:12, 10:21, 13:19
**listen** [2] - 8:18, 12:5
**local** [1] - 15:12
**location** [1] - 7:17
**look** [2] - 10:12, 10:18
**looked** [1] - 12:21
**looks** [1] - 9:3
**lose** [1] - 6:23
**low** [1] - 14:9

## M

**ma'am** [1] - 5:21
**mail** [1] - 17:23
**manager** [1] - 7:18
**mandatory** [4] - 8:7, 11:10, 11:11, 12:19
**manner** [1] - 16:15
**March** [1] - 17:2

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR Document 67 Filed 07/15/11 Page 21 of 23

**Marshal** [1] - 17:7
**matter** [1] - 6:17
**matters** [1] - 10:8
**mean** [1] - 11:8
**medications** [1] - 16:10
**member** [1] - 10:23
**memo** [1] - 7:3
**memorandum** [3] - 5:24, 6:20, 9:25
**memos** [1] - 4:1
**mental** [1] - 16:8
**message** [2] - 11:18, 11:20
**met** [1] - 4:21
**million** [2] - 3:13, 8:8
**mind** [1] - 15:17
**minimum** [5] - 8:7, 11:10, 11:11, 11:25, 12:19
**monitoring** [1] - 13:21
**months** [7] - 3:8, 8:6, 9:10, 11:16, 12:1, 14:9, 14:13
**morning** [3] - 5:3, 5:4, 6:6
**most** [2] - 9:23, 11:6
**motion** [2] - 9:2, 12:20
**motions** [1] - 9:5
**move** [1] - 7:25
**MR** [20] - 4:8, 4:11, 4:15, 4:19, 5:1, 5:7, 5:11, 5:14, 5:17, 5:21, 5:23, 7:12, 7:25, 8:15, 9:14, 9:23, 11:15, 18:9, 18:14, 18:17
**must** [6] - 3:7, 3:10, 15:11, 15:23, 15:25, 16:8

**N**

**name** [1] - 17:10
**nature** [1] - 12:21
**necessary** [1] - 14:8
**need** [3] - 7:4, 13:20, 13:21
**needs** [1] - 14:18
**new** [3] - 9:9, 9:20, 14:9
**next** [1] - 17:17
**noise** [1] - 8:20
**none** [1] - 10:4
**Northern** [1] - 17:15
**note** [1] - 8:10
**noted** [1] - 18:5
**notice** [2] - 17:13, 17:16

**O**

**oath** [1] - 13:12
**objecting** [1] - 5:15
**objection** [1] - 7:6
**objections** [4] - 4:9, 4:24, 7:9, 7:11
**obviously** [1] - 12:11
**offense** [9] - 3:5, 7:16, 7:19, 8:3, 9:8, 12:22, 13:1, 13:14, 13:17
**offenses** [1] - 6:16

**office** [3] - 14:25, 15:6, 16:24
**OFFICER** [2] - 17:22, 18:1
**official** [1] - 4:3
**once** [2] - 13:3
**one** [5] - 5:18, 6:3, 6:4, 8:20, 13:3
**ones** [1] - 13:6
**open** [2] - 8:23, 8:25
**operating** [1] - 13:6
**orally** [1] - 7:10
**order** [4] - 15:10, 16:17, 16:18, 17:1
**organizer** [1] - 7:18
**overrule** [1] - 7:9
**overruled** [1] - 7:7

**P**

**p.m** [1] - 18:19
**Page** [1] - 7:15
**paid** [6] - 8:10, 16:21, 16:24, 18:1, 18:2, 18:4
**paragraph** [2] - 5:18, 5:20
**Paragraph** [3] - 5:20, 7:7, 7:15
**parents** [1] - 10:14
**part** [1] - 6:16
**participate** [4] - 14:19, 14:22, 15:25, 16:8
**pay** [4] - 3:14, 8:9, 16:18, 17:24
**payable** [1] - 16:20
**penalties** [1] - 3:4
**people** [1] - 13:23
**period** [1] - 11:23
**permit** [1] - 11:14
**permits** [1] - 11:9
**person** [1] - 15:6
**personally** [1] - 4:21
**physician** [1] - 16:11
**plea** [2] - 3:2, 3:19
**plumbing** [1] - 15:1
**point** [3] - 9:7, 9:18, 10:2
**points** [1] - 10:3
**position** [1] - 7:23
**possess** [3] - 15:13, 15:14, 15:18
**possible** [2] - 3:12, 8:6
**prescribed** [1] - 16:10
**presentence** [5] - 3:25, 4:7, 9:14, 9:17, 10:16
**preserve** [1] - 7:4
**primary** [1] - 16:5
**prison** [2] - 3:8, 3:9
**Prisons** [3] - 14:12, 14:15, 15:5
**Prisons's** [4] - 14:16, 14:19, 14:23, 16:22
**PROBATION** [2] - 17:22, 18:1

**probation** [4] - 3:12, 6:19, 8:6, 15:6
**procedure** [1] - 11:4
**proceeding** [1] - 12:3
**Proceedings** [1] - 18:19
**productive** [1] - 10:23
**Program** [2] - 14:21, 14:23
**program** [3] - 14:22, 16:1, 16:9
**prohibition** [1] - 15:20
**property** [1] - 17:1
**protected** [1] - 7:17
**protects** [1] - 11:22
**provides** [1] - 9:15
**provisions** [2] - 12:17, 12:19
**proximity** [1] - 14:16
**psychiatrist** [1] - 16:11
**punish** [1] - 10:25
**punishment** [3] - 11:1, 11:24, 12:10
**purpose** [1] - 3:18
**pursuant** [1] - 17:4
**put** [1] - 8:18

**Q**

**qualifying** [1] - 6:18
**quantity** [1] - 7:16
**quite** [2] - 10:1

**R**

**raise** [1] - 6:22
**raised** [1] - 7:2
**range** [7] - 9:9, 9:12, 9:19, 9:20, 11:3, 11:7, 12:1, 12:15, 14:9
**Rapids** [1] - 17:15
**rather** [1] - 14:4
**read** [2] - 3:25, 4:1
**ready** [3] - 8:11, 8:24, 12:13
**realized** [2] - 10:16, 10:21
**reason** [1] - 15:19
**reasonable** [2] - 16:14, 16:15
**reasons** [1] - 11:24
**received** [1] - 3:24
**recommend** [3] - 14:18, 14:22, 16:23
**recommendation** [1] - 9:20
**recommendations** [1] - 14:14
**recommended** [1] - 8:5
**record** [4] - 4:17, 9:1, 9:6, 14:2
**records** [2] - 4:3, 17:3
**reduction** [3] - 7:20, 9:7, 11:11
**regard** [2] - 7:23, 9:1
**release** [7] - 3:10, 8:7, 15:2,

15:3, 15:5, 15:8, 15:22
**released** [1] - 15:7
**remaining** [2] - 4:9, 4:23
**remains** [1] - 9:10
**remanded** [1] - 17:6
**remember** [2] - 3:15, 5:17
**repeating** [1] - 13:1
**report** [10] - 3:25, 4:7, 4:14, 4:17, 4:22, 9:15, 9:17, 10:16, 13:23, 15:6
**represent** [1] - 17:21
**Residential** [1] - 14:20
**respective** [1] - 4:2
**response** [1] - 9:22
**responsibility** [1] - 7:21
**rest** [2] - 3:9, 3:11
**restitution** [1] - 14:3
**results** [1] - 8:3
**reviewing** [1] - 4:17
**revoked** [1] - 12:25
**risk** [1] - 13:11
**road** [1] - 13:12
**roads** [1] - 13:11
**Rule** [1] - 7:7
**rule** [4] - 5:5, 5:2, 6:2, 6:5, 6:9

**S**

**sale** [1] - 16:6
**sample** [1] - 15:16
**saw** [1] - 10:15
**school** [1] - 10:19
**scored** [1] - 12:25
**scoring** [3] - 4:10, 4:24, 5:16
**sealed** [2] - 8:22, 9:1
**search** [2] - 16:13, 16:14
**second** [2] - 6:16, 16:3
**Section** [1] - 17:5
**security** [1] - 14:17
**see** [2] - 10:13, 10:24
**sends** [2] - 11:17, 11:19
**sent** [2] - 5:2, 17:23
**sentence** [13] - 4:10, 4:25, 6:11, 7:15, 8:5, 9:12, 9:19, 11:4, 11:17, 11:25, 13:13, 14:7, 17:18
**sentenced** [1] - 3:18
**sentencing** [4] - 4:1, 5:24, 9:25, 14:8
**serious** [2] - 13:6, 13:9
**services** [1] - 17:19
**set** [4] - 9:3, 15:10, 16:16, 17:1
**severity** [1] - 10:7
**shall** [6] - 15:6, 15:8, 15:12, 15:13, 15:15, 16:25
**Shannon** [1] - 12:6
**share** [1] - 12:25
**shorter** [1] - 6:11
**sidebar** [3] - 8:16, 8:18, 8:21
**significant** [4] - 11:3, 11:17,

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR Document 67 Filed 07/15/11 Page 22 of 23

11:22, 13:18
**society** [3] - 10:23, 11:22, 14:4
**somewhere** [1] - 11:6
**sorry** [4] - 5:14, 12:7, 12:8
**source** [1] - 16:6
**special** [6] - 3:14, 8:9, 15:23, 16:19, 17:24, 18:5
**specializing** [1] - 14:24
**specific** [2] - 5:19, 9:20
**specifically** [1] - 9:18
**specifics** [1] - 16:15
**spend** [1] - 3:7
**standard** [3] - 13:23, 15:9, 16:13
**start** [1] - 10:21
**started** [1] - 10:18
**starting** [1] - 7:15
**state** [1] - 15:12
**States** [7] - 12:21, 16:19, 16:25, 17:4, 17:6, 17:11, 17:14
**statutory** [4] - 3:3, 12:16, 12:19, 14:1
**still** [1] - 3:21
**streets** [1] - 13:10
**subject** [1] - 16:12
**substance** [3] - 14:21, 15:13, 16:2
**successfully** [1] - 16:1
**sufficient** [1] - 14:7
**suggest** [1] - 11:16
**suggests** [1] - 13:2
**supervised** [5] - 3:10, 8:7, 15:3, 15:8, 15:22
**supervision** [4] - 13:24, 15:9, 15:21, 16:4
**supervisor** [1] - 7:18
**supposed** [1] - 6:10
**suspicion** [1] - 16:14

## T

**table** [1] - 8:19
**taverns** [1] - 16:5
**technically** [1] - 13:8
**term** [3] - 3:10, 14:12, 15:4
**testing** [1] - 16:1
**THE** [35] - 3:1, 3:2, 3:6, 3:7, 3:16, 3:17, 3:20, 3:21, 3:23, 3:24, 4:9, 4:12, 4:16, 4:23, 5:6, 5:9, 5:12, 5:15, 5:19, 5:22, 7:6, 7:13, 8:2, 8:17, 8:24, 9:21, 11:8, 12:2, 12:6, 12:13, 17:25, 18:3, 18:11, 18:15, 18:18
**thinking** [1] - 6:6
**third** [1] - 16:8
**threat** [1] - 13:10
**three** [1] - 14:14
**Title** [1] - 9:2
**today** [2] - 3:18, 16:24

**together** [1] - 4:22
**tolerate** [1] - 11:21
**tolerated** [1] - 11:19
**total** [4] - 8:3, 9:17, 14:12, 15:4
**traffic** [1] - 10:8
**Training** [1] - 14:23
**Treatment** [1] - 14:20
**treatment** [3] - 14:21, 16:2, 16:9
**trying** [1] - 10:7
**Tvedt** [5] - 4:6, 7:22, 8:12, 9:13, 18:8
**TVEDT** [7] - 4:8, 4:11, 7:25, 8:15, 9:14, 18:9, 18:14
**Tvedt's** [1] - 6:4
**two** [2] - 6:7, 7:2
**type** [3] - 11:18, 11:21, 14:5
**types** [2] - 6:16, 9:5
**typo** [1] - 6:20

## U

**under** [7] - 6:15, 6:21, 8:4, 9:2, 9:16, 11:12, 13:7
**underlying** [1] - 18:12
**United** [7] - 12:21, 16:19, 16:25, 17:4, 17:6, 17:11, 17:14
**unless** [2] - 6:18, 13:18
**up** [2] - 10:18, 17:17
**USC** [1] - 11:12
**uses** [1] - 9:4

## V

**verified** [1] - 13:22
**victim** [1] - 14:4
**victimized** [1] - 14:5
**violence** [2] - 10:5, 10:9
**violent** [1] - 13:8
**Vocational** [1] - 14:23

## W

**waive** [1] - 5:3
**weapon** [1] - 15:15
**welding** [1] - 15:1
**white** [1] - 8:20
**whole** [1] - 14:4
**willing** [1] - 12:5
**wishes** [1] - 8:14
**writing** [1] - 7:10
**written** [2] - 17:13, 17:16

## Y

**year** [1] - 6:19
**years** [5] - 3:8, 3:11, 8:8, 10:14, 15:4

**yesterday** [1] - 17:23

*Contact Patrice Murray at 319-286-2324 or patrice_murray@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:10-cr-01018-CJW-MAR Document 67 Filed 07/15/11 Page 23 of 23